IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIATECH TECHNOLOGIES, INC.,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

C.A. No. 17-570-RGA

**STIPULATED PROTECTIVE ORDER**

The parties agree that certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially-sensitive information. In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, the parties agree to the protective provisions set forth below. In view of these stipulations, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED:

**Scope and Definitions**

1. This Protective Order applies to all information, documents, testimony and/or things subject to discovery in this action which contain non-public, confidential information and/or trade secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Material").

2. Protected Material may be designated by any Producing Party as:

(a) "CONFIDENTIAL" if it contains or reflects confidential, proprietary, or

commercially sensitive information including information not readily available to the general public;

(b) "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that disclosure of such information is likely to cause economic harm or significant competitive disadvantage to the Producing Party including (i) non-public technical, financial, and/or other commercially-sensitive information (e.g., pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like) and/or trade secrets; (ii) is subject to an express obligation of confidentiality owed by the Producing Party to a third-party; or (iii) is subject to the privacy interest of any individual; or

(c) "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" if it comprises or describes computer Source Code.

(i) Source Code means computer code, scripts, assembly, object code, source code listings, descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

3. As used herein, "Producing Party" shall refer to any party to this action, or to any third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies about, produces or makes available for inspection any Protected Material.

4. "Receiving Party" shall refer to any person who receives Protected Material from a Producing Party.

**Permitted Disclosure and Use of Protected Material**

5. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

6. Protected Material shall be used solely for this litigation and any related appeals, and shall not be used for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings or any business or competitive purpose or function of any kind.

**Persons Who May Access Protected Material Other Than Source Code**

7. ***"Confidential" Material.*** Only the following individuals shall have access to materials designated "CONFIDENTIAL," absent the express written consent of the Producing Party or further court order:

(a) Persons authorized to receive "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material as specified in paragraphs 8(a)-(g) below;

(b) Up to three in-house counsel of each Receiving Party (or its parent corporation) who are responsible for this action and have complied with paragraph 10, and any paralegals or clerical employees assisting them in the litigation; and

(c) Up to two party representatives of the Receiving Party who are responsible for this action and have complied with paragraph 10.

8. ***"Highly Confidential - Attorneys' Eyes Only" Material.*** Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," absent the express written consent of the Producing Party, or as further limited by this order or further court order:

(a)     Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in the litigation;

(b)     Outside experts and consultants of the Receiving Party who have been pre- approved in accordance with paragraph 11, and their support staff and clerical employees assisting in the litigation;

(c)     The Court, its technical advisor (if one is appointed), court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

(d)     Professional litigation support vendors, including but not limited to copy, graphics, translation, database and/or trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A, and mock jurors hired by trial consultants but only in accordance with paragraph 12 below; and

(e)     While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence; and (iv) as to information provided by a named inventor of the patent-in-suit, or by an attorney, agent, parent or affiliate of Plaintiff, the Plaintiffs Rule 30(b)(6) designee. Persons authorized to view Protected Material pursuant to this sub-paragraph (e) shall not retain or be given copies of the Protected Material except while so testifying.

(f) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g) Any other person with the prior written consent of the Producing Party.

**Source Code - Additional Restrictions and Persons Who May Access**

9. ***"Highly Confidential Source Code - Outside Counsel Only"*** Materials. To the extent production of Source Code becomes necessary to the prosecution or defense of this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(a) Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(b) Material designated as "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" shall be subject to the following additional restrictions and protections:

(i) A single electronic copy of source code or executable code shall be made available for inspection on up to two stand-alone computers during the hours of 9am-7pm on business days, subject to fifteen days advance notice prior to the first day of inspection of the source code and at least forty-eight hours advance notice for the first day of subsequent inspections, which 48-hour period shall include one cumulative business day. For example, notice for a Monday 2:00 P.M. inspection shall be given no later than the preceding Friday at 2:00 P.M. In the event the Producing Party acting in good faith needs longer than fifteen days

to make any portion of the Source Code available for the first inspection, the Requesting Party shall not unreasonably withhold consent to extend the advance notice period for that portion of Source Code by up to fifteen days.

(ii)     The Producing Party shall not unreasonably withhold consent to reasonable requests for access to the stand-alone computer(s) beyond the hours or on less notice than is provided for in sub-paragraph 9(b)(i).

(iii)    The stand-alone computer(s) shall be password protected and supplied by the Producing Party.

(iv)    The stand-alone computer(s) shall be located at an office of Producing Party's counsel selected by the Requesting Party.

(v)     Access to the stand-alone computer(s) shall be permitted, after notice to the Producing Party and an opportunity to object, to two (2) outside counsel representing the Requesting Party and two (2) experts retained by the Requesting Party, all of whom are subject to this Protective Order. The Producing Party shall not learn the specifics of the Requesting Party's review, including without limitation which files were reviewed, unless and to the extent that the Requesting Party and/or its expert(s) elect to rely on information learned in such review in prosecution or defense of the Requesting Party's case. The Producing Party shall not change the source code on the stand-alone computer(s) absent written request or permission by the Requesting Party.

(vi)    Except as agreed to by the Producing Party pursuant to sub-paragraph 9(b)(ix), Source Code or details about how it is implemented may not be disclosed, printed, photographed, copied, electronically transmitted or otherwise reproduced without the agreement of the Producing Party or further order of the court. Summaries, descriptions or accounts of Source

Code may be shared only with the two experts designated in sub-paragraph 9(b)(v) above and outside counsel representing the Requesting Party and Outside Experts and Consultants as defined in paragraph 11 for the Requesting Party, each of whom shall be subject to this Protective Order. The Requesting Party shall not tamper with any safeguards designed to prevent these activities or otherwise attempt to circumvent any provision of this paragraph 9. Descriptions of how software functions may be disclosed to Mock Jurors as defined and subject to the restrictions of paragraph 12 as long as the Source Code is not disclosed to the Mock Jurors and the Mock Jurors have agreed to be bound by the Protective Order.

(vii)   The Producing Party shall provide a manifest of the contents of the stand-alone computer(s). This manifest, which will be supplied in both printed and electronic form, will list the name and location of every source and executable file escrowed on the computer(s).

(viii)   The stand-alone computer(s) shall include software utilities, which will allow counsel, and experts to view, search, and analyze the Source Code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.

(ix)   Subject to the parties' reaching an agreement on a security protocol for the storage and handling of printouts of the Producing Party's Source Code, the Requesting Party may print portions of Source Code reasonably necessary for the case to attach to or incorporate into expert reports, discovery responses, and court filings or to use at depositions of the Producing Party, the Producing Party's current or former employees subject to the conditions set forth in sub- paragraph 8(e), or the Producing Party's experts, and court proceedings. Source Code printed pursuant to this sub-paragraph 9(b)(ix) may be made accessible, as reasonably

necessary and subject to the agreed-upon security protocol, to outside counsel for the Requesting Party, Outside Experts and Consultants as defined in paragraph 11, the Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.

(x) If the Court finds that the Producing Party has refused to make available for inspection any files necessary to the prosecution or defense of this case, then the Court may fashion appropriate relief regarding such files to the extent necessary to the prosecution or defense of this case.

**Approval to Access Protected Material**

10. *In-House Counsel, Party Representatives and Professional Vendors.* Any in-house counsel, party representative or Professional Vendor authorized to access "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Paragraphs 7 or 8 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the signing party's outside counsel of record in this action. Prior to the disclosure of any "CONFIDENTIAL" information to any in-house counsel or party representative, the signing party shall inform the other party in writing of the name and title of such in-house counsel or party representative.

11. ***Outside Experts or Consultants.***

(a) Prior to disclosing Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide written notice to any party to this action that produced Protected Material that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae; (iv) a list of current and

past consulting relationships undertaken within the last four (4) years; (v) an indication whether the person will be eligible to access "HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY" materials; and (vi) a signed copy of the person's "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order.

(b)     Within five (5) business days of receiving this information, the party who produced Protected Material may object in writing to its disclosure to the proposed expert or consultant for good cause. The objection cannot be unreasonable. In the absence of any objection at the end of the five (5) business day period, the expert or consultant shall be deemed approved under this Protective Order. If an objection is made, the parties shall meet and confer within (5) business days after the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Materials shall not be disclosed to the expert or consultant until the objection is resolved by the Court.

12.     ***Mock Jurors.***  Mock jurors hired by trial consultants in connection with this litigation may only be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATIORNEYS' EYES ONLY" materials provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they are not themselves given custody of any Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

**Making and Challenging Designations**

13. Each party or third-party that designates material for protection under this Order must take care to limit such designations only to material that that the party believes in good faith meets the appropriate standards.

14. Designations of Protected Material shall be made in substantially the following manner:

(a) For *documents or written discovery.* The Producing Party may designate documents or written discovery responses by affixing the following legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" on each page that contains Protected Material. Documents made available for inspection need not be designated in advance and shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

(b) *For depositions or other testimony.* Parties or third-parties providing testimony may designate depositions, or portions of depositions, as Protected Material by indicating the appropriate designation on the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within seven (7) business days after receiving the transcript, during which seven (7) business day period the deposition transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. The party making the designation shall make arrangements with the court reporter to label the relevant pages with the appropriate designation. Video or DVD versions of the depositions will automatically have the same designation as the transcript.

(c) *For tangible things* and *other information.* A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored. If the Receiving Party prints an item from an electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed version with the designation of the media. A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

(d) *Native Files.* Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 11, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

15. Inadvertent failure to designate documents, testimony or things as Protected Materials does not waive the Producing Party's right to secure the protections of this Order. The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with documents containing the appropriate legends or otherwise designate the

materials as set forth above. The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice. Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the corrected designation, including seeking the retrieval or destruction of any copies distributed to unauthorized individuals; and destroy copies of documents that have been replaced with documents containing the proper designation.

16. At any time in these proceedings following the production or designation of material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE -OUTSIDE COUNSEL ONLY," a Receiving Party may challenge the propriety of such designation by providing the Producing Party written notice particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall meet and confer in an attempt to resolve promptly and informally any such disputes. If agreement cannot be reached, the Receiving Party may request in accordance with the Court's rules governing discovery disputes that the Court cancel or modify the designation.

17. Information does not qualify for protection under this Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production, or becomes available to the general public after its production through no fault of the Receiving Party; (b) was independently and legally obtained by the Receiving Party from any other person or party having no obligation of confidentiality and the right to make such disclosure; or (c) was previously produced, disclosed or provided by the Producing Party to the Receiving Party without an obligation of confidentiality, except for materials covered under paragraph 15 above.

**Inadvertent Production of Privileged Documents**

18. The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents. The Receiving Party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents. Any motion to compel cannot rely on the inadvertent production. Pursuant to Fed. R. Evid. 502(d), the Court orders that the protections of this provision also extend to any other Federal or State proceeding.

**Filing Under Seal**

19. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY," or which contain information so designated, shall be filed under seal in accordance with Local Rule 5.1.3, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers labeled with the case caption, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" as appropriate, and a statement in substantially the following form, or such as other form as ordered by the Court or required by the Clerk of the Court:

This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**Restriction on Patent Prosecution**

20. Counsel (including without limitation outside counsel and patent agents) who access "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" materials of any Producing Party shall not, for a period of one year following final resolution of this action, or the date of last access to such materials, if prior to the final resolution, draft, amend, or assist in drafting or amending patent claims or patent specifications related to software anti-piracy protection; provided that nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office (PTO) that may arise as a consequence of knowledge obtained during the course of this litigation. This restriction applies only to the individuals who actually access "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" materials of a Producing Party, and shall not extend to any other attorneys or patent agents at their respective law firms. In addition, nothing in this paragraph shall be construed as a restriction on the ability of outside counsel to participate in any reexamination or inter partes review proceedings relating to the patent-in-suit, provided that such counsel does not engage in drafting, amending, or assisting in drafting or amending patent claims or patent specifications during the course of such proceedings.

**Use of This Protective Order by Third-Parties**

21. A third-party, not a party to this action, who produces documents, testimony or other information, including source code, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit. A third party may, at its option, designate source code material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" and then produce in accordance with the procedure in place for that particular category; or may, at its option, produce "HIGHLY CONFIDENTIAL SOURCE CODE - OUTSIDE COUNSEL ONLY" material directly to a Receiving Party without the additional restrictions of paragraphs 9(a) or 9(b).

22. A third-party's use of this Protective Order does not entitle that third party access to any Protected Material produced by any party in this case.

**Additional Protection**

23. This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this Order are not applicable or are inadequate. Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

**No Waiver**

24. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Material, or any portion thereof, is

privileged or otherwise non-discoverable , or is not admissible in evidence in this action or any other proceeding.

**No Limitations on Party's Own Protected Materials**

25. Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Materials.

**Other Proceedings**

26. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Unauthorized Access**

27. Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination.

**Disposition of Protected Materials**

28. Unless otherwise ordered or agreed, within ninety (90) days after the settlement or final termination of this action, each Receiving Party shall return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Outside counsel for each party shall remind any experts, consultants and

others as appropriate of their obligation to destroy or return Protected Materials. The Receiving Party shall submit a written certification by the ninety (90) day deadline confirming that all Protected Material has been destroyed or returned and which affirms that the Receiving Party has not retained any paper or electronic copies. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material. Any such archival copies remain subject to the terms of this Protective Order.

**Survival of Order**

29. The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

**Binding Effect**

30. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**Effective as a Stipulation**

31. This Stipulated Protective Order shall become effective as a stipulation between the parties immediately upon the filing of the motion to enter stipulated protective order, notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected Materials produced before Court approval as provided herein.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff*

FISH & RICHARDSON P.C.

*/s/ Martina Tyreus Hufnal*

Martina Tyreus Hufnal (#4771)
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE 19801
(302) 652-5070
hufnal@fr.com

*Attorneys for Defendant*

**SO ORDERED**, this 19 day of February, 2019.

United States District Judge


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIATECH TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-570-RGA |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________ [print or type full name], have been provided a copy and read the Stipulated Protective Order in the above-captioned case and agree to be bound by its terms. I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Stipulated Protective Order. I agree that I will not use or disclose any such Protected Material except in strict compliance with the provision of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control. At the final conclusion of the case, I will return or destroy, as directed, any Protected Materials received and any notes or other documents reflecting such materials.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue. I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.

Dated: ____________________ ______________________________________________

Printed Name: ________________________________

Company Name/Address/Phone:

______________________________________________

______________________________________________

______________________________________________