IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VIATECH TECHNOLOGIES, INC.,

    Plaintiff;

v.

MICROSOFT CORPORATION,

    Defendant.

Civil Action No. 17-570-RGA

MEMORANDUM OPINION

John G. Day & Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE; Henry C. Bunsow, Denise M. De Mory, Sushila Chanana, & Michael N. Zachary, BUNSOW DE MORY LLP, Redwood City, CA, attorneys for Plaintiff.

Martina Tyreus Hufnal, FISH & RICHARDSON, P.C., Wilmington, DE; Frank E. Scherkenbach, Steven R. Katz, & Whitney Reichel, FISH & RICHARDSON, P.C., Boston, MA, attorneys for Defendant.

July 18, 2019


ANDREWS, U.S. DISTRICT JUDGE:

Currently pending before the Court is Defendant's Motion to Dismiss (D.I. 38) and Plaintiff's Cross-Motion for Leave to File a Motion for Reconsideration (D.I. 47). The parties have fully briefed the issues. (D.I. 39, 48, 51, 53, 57). For the following reasons, Defendant's Motion is GRANTED-IN-PART and DENIED-IN-PART and Plaintiff's Cross-Motion is DENIED.

I. BACKGROUND

Plaintiff ViaTech Technologies, Inc. previously brought suit against Defendant Microsoft Corporation accusing Windows and Office products of infringing "at least" claims 1-7, 13-15, and 28-32 of the U.S. Patent No. 6,920,567 ("the '567 patent"). (No. 14-1226-RGA, D.I. 1) ("First Action"). On February 10, 2017, Defendant moved for summary judgment of non-infringement. (First Action, D.I. 218). On June 12, 2017, the Court granted Defendant's motion and entered final judgment. (First Action, D.I. 330, 331). That judgment was affirmed by the Federal Circuit on May 23, 2018. *ViaTech Tech. Inc. v. Microsoft Corp.*, 733 F. App'x 542 (2018).

On May 15, 2017, Plaintiff brought the current suit against Defendant accusing various products of infringing claims 8-11 and 26-27 of the same patent as was asserted in the First Action. (D.I. 1). Defendant moved to dismiss Plaintiff's First Amended Complaint under the doctrine of claim preclusion. (D.I. 12). I granted that motion in part, holding that claim preclusion barred Plaintiff from bringing new claims against Windows products for infringement of the '567 patent. (D.I. 25 at 9). Plaintiff has now filed a Second Amended Complaint accusing Microsoft's Play Ready Product Suite of direct and indirect infringement of the '567 patent and

1

adding new infringement claims[1] against Windows for purported infringement post-final judgment of the First Action. (D.I. 37). Defendant has moved to dismiss the Second Amended Complaint on the basis of claim preclusion, issue preclusion, or the *Kessler* Doctrine. (D.I. 38). Plaintiff has cross-moved for leave to file a motion for reconsideration of the order dismissing the First Amended Complaint. (D.I. 47).

## II. LEGAL STANDARD

### A. Motion for Leave to File Motion for Reconsideration

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Local Rule 7.1.5 provides that motions for reargument "shall be filed within 14 days after the Court issues its opinion or decision." "When an act may or must be done within a specified time, the court may for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

### B. Motion to Dismiss

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the

---

[1] Count II of the Second Amended Complaint reasserted claims 1-7, 13-15, and 28-31 of the '567 patent. (D.I. 37 ¶ 106).

2

claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

### C. Claim Preclusion

Claim preclusion requires: (1) a final judgment on the merits in a prior suit, (2) where both suits involve the same parties or their privities, and (3) both suits are based on the same cause of action. *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

In patent infringement cases, "a cause of action is defined by the transactional facts from which it arises, and the extent of the factual overlap." *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014). The relevant transactional facts are (1) whether both suits involve the same patent, and (2) whether both suits involve accused products that are the same or "essentially the same." *Id.* at 1349-50. In patent infringement cases, claim preclusion applies even when the plaintiff chooses different patent claims in the second lawsuit. *See Brain Life, LLC v. Elekta, Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) (applying, on summary judgment, claim preclusion to method claims dismissed without prejudice in first suit). As to the second

3

fact, two products are "essentially the same" "where the differences between them are merely 'colorable' or 'unrelated to the limitations in the claim of the patent.'" *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). Thus, claim preclusion bars accusing infringing acts "that are accused in [a] first action or could have been made subject to that action." *Brain Life*, 746 F.3d at 1054 (citing *Aspex Eyewear Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1343 (Fed. Cir. 2012)); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under [claim preclusion], a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action."). However, post-judgment infringing actions "do not involve the same 'claim' for claim-preclusion purposes, even if all of the conduct is alleged to be unlawful for the same reason." *Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1365 (Fed. Cir. 2017); *see also Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1299 (Fed. Cir. 2017).

Claim preclusion is an affirmative defense. It is not generally a basis for dismissal on a Rule 12(b)(6) motion unless "apparent on the face of the complaint." *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 (3d Cir. 2016). "If not apparent, the district court must either deny the [motion] or convert it to a motion for summary judgment . . . ." *Id.*

### D. Issue Preclusion

Issue preclusion requires: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the [judgment]; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006). "[A]lthough issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under [] Rule 12(b)(6)." *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir.

4

2010) (citing *Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972)).

### E. *Kessler* Doctrine

The *Kessler* doctrine is "separate and distinct" from claim and issue preclusion. *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1055 (Fed. Cir. 2014). It "fills the gap between these preclusion doctrines, however, allowing an adjudged *non-infringer* to avoid repeated harassment for continuing its business as usual post-final judgment in a patent action." *Id.* at 1056. It gives the accused infringer "rights with respect to specific products that had been held to be noninfringing, even when the specific *acts* of infringement would not be barred by claim preclusion because they occurred post-final judgment." *Id.* at 1057. As the Federal Circuit held in *Brain Life*,

> The principle that, when an alleged infringer prevails in demonstrating noninfringement, the specific accused device(s) acquires the "status" of a noninfringing device vis-à-vis the asserted patent claims is an essential fact of a patent infringement claim. The status of an infringer is derived from the status imposed on the *thing* that is embraced by the asserted patent claims. And, when the devices in the first and second suits are "essentially the same," the "new" product(s) also acquires the status of a noninfringing device vis-à-vis the same accusing party or its privies.

*Id.* Thus, where a second suit accuses the same or "essentially the same" product of infringing acts post-final judgment in the first suit, the *Kessler* doctrine will prevent the suit.

### III. DISCUSSION

#### A. Plaintiff has not Shown Good Cause for Leave to File

Plaintiff cross-moves for leave to file a motion for reconsideration of my order dismissing Plaintiff's First Amended Complaint. I issued that order on August 29, 2018. (D.I. 25). Plaintiff did not file its cross-motion for leave until February 1, 2019, five months after the

5

entry of my previous order. The Local Rules provide a short time window for filing motions for reargument or reconsideration. While I have discretion to allow filings after the deadline set out in the local rules, the party seeking leave must show good cause to do so.

Here, Plaintiff argues that there is good cause because its change of counsel delayed the filing of the motion. (D.I. 48 at 8). Plaintiff's current counsel entered their appearances on September 20, 2018, after the expiration of the relevant time period for filing a motion for reconsideration. (D.I. 28). Plaintiff did not file the motion for leave to file for four months after current counsel became counsel of record. Plaintiff argues that this delay was necessary because its current counsel needed to review the files from the previous litigation before determining whether a motion for reconsideration would be merited. (D.I. 48 at 9).

I disagree. Plaintiff has not demonstrated good cause. It is well-settled that change of counsel is not enough to establish good cause to allow untimely filing of a motion for reconsideration. *See, e.g., Fed. Election Comm'n v. O'Donnell*, 2017 WL 2200911, at *1 (D. Del. May 19, 2017) ("[T]he need to hire new counsel [did not] establish any excusable neglect" justifying the grant of an extension.). Plaintiff could have requested an extension of time to file a motion for reconsideration when new counsel entered their appearances. Additionally, Plaintiff's counsel identified the possibility of moving for reconsideration as early as October 25, 2018. (D.I. 33 at 2 n.2). Moreover, on December 10, 2018, Plaintiff again identified an intention to file a motion to reconsider (D.I. 49-1, Ex. E) but did not do so until a month after filing the Second Amended Complaint. (D.I. 42, 43).[2] Plaintiff was clearly aware that it intended to ask the Court to reconsider the claim preclusion order. Plaintiff has not established any justification for the delay that would meet the good cause standard to grant leave.

---

[2] The motions at D.I. 42 and 43 were later withdrawn. (D.I. 45).

6

Additionally, the motion does not set out a change in the relevant law or establish a misapprehension of fact. To the extent that Plaintiff asserts that the Second Amended Complaint solely accuses PlayReady technology in Count I and not the previously accused Windows products (D.I. 48 at 5), I do not believe that assertion requires me to revisit my previous order.

### B. Motion to Dismiss

#### a. Count I – PlayReady Technology

Defendant asserts that Count I of Plaintiff's Second Amended Complaint should be dismissed with prejudice under claim preclusion, issue preclusion, or the *Kessler* Doctrine. (D.I. 39 at 9).

#### 1. Claim Preclusion

As to claim preclusion, the parties do not dispute that there has been a final judgment on the merits in a prior suit and that both suits involve the same parties. (D.I. 48 at 3-4). Thus, the only remaining question to determine whether claim preclusion applies is whether both suits are based on the same cause of action. Under Federal Circuit precedent, to determine whether both suits are based on the same cause of action, courts should ask whether the infringement contentions in both suits are (1) under the same patent and (2) accuse products that are the same or essentially the same. As my previous order explained,

> Plaintiff accused Windows alone of directly infringing the '567 patent in the First Action. . . . Given that Plaintiff previously asserted that Windows infringed the '567 patent, Plaintiff cannot once again accuse Windows of infringing the '567 patent, but argue that other items, like media, are necessary for infringement. Likewise, Plaintiff cannot repeatedly assert its patent against different parts of Windows in separate suits, even if one accused part is on the left-hand side of Windows and the other is on the right-hand side, so to speak. The accused product in the Second Action is the same or "essentially the same" as Windows, the accused product in the First Action. Therefore, the cause of action in the Second Action is same as the cause of action in the First Action, as to direct infringement.

7

*ViaTech Tech., Inc. v. Microsoft Corp.*, 2018 WL 4126522, at *3 (D. Del. Aug. 29, 2018). However, construing the Second Amended Complaint in the light most favorable to the Plaintiff, I do not understand Plaintiff to continue to accuse Windows products (at least with regards to PlayReady technology), but rather independent PlayReady technology, including the PlayReady Product Suite. On the face of the Second Amended Complaint, the now Accused Products relating to PlayReady appear to be separate technology from the previously accused Windows products. (D.I. 37 ¶¶ 19-27). Thus, to the extent that Defendant alleges that the PlayReady technology or Product Suite as used in non-Windows technology or sold separately by Microsoft is "essentially the same" as the accused Windows products in the first action, that cannot be determined on the face of the Complaint. As I determined in my previous order, that is an issue more appropriately addressed on motion for summary judgment.

### 2. Issue Preclusion

Defendant argues that Count I is precluded because Plaintiff raises the same issue of infringement as in the First Action; Plaintiff has "asserted the same patent (the '567 Patent) against the same products (Windows 10 and earlier)." (D.I. 39 at 17). Plaintiff argues that issue preclusion is not appropriate because the PlayReady claims in Count I are not the same issue that was adjudicated or litigated in the First Action. (D.I. 48 at 14).

I agree with Plaintiff. As stated above, construing the Second Amended Complaint in the light most favorable to Plaintiff, Count I accuses independent PlayReady technology, not Windows products. Thus, issue preclusion is not appropriate because the identical issue was not previously adjudicated.

8

### 3. *Kessler* Doctrine

Defendant argues that the *Kessler* Doctrine precludes Count I because it accuses the same products (Windows) as the First Action under the same patent (the '567 patent) as the First Action. (D.I. 39 at 16). As stated above, it is not clear from the face of the Second Amended Complaint that Plaintiff accuses the same or essentially the same product as the previously accused Windows products. Therefore, application of the *Kessler* Doctrine to Count I at this early stage is inappropriate.

Thus, I will deny Defendant's motion as to Count I.

### b. Count II – Post-Judgment Infringement by Windows Products

Defendant asserts that Count II of Plaintiff's Second Amended Complaint should be dismissed with prejudice because the First Action precludes it, either under the doctrine of claim preclusion, issue preclusion, or the *Kessler* doctrine. (D.I. 39 at 18).

#### 1. Claim Preclusion

As discussed above, claim preclusion requires: (1) a final judgment on the merits in a prior suit, (2) where both suits involve the same parties or their privities, and (3) both suits are based on the same cause of action. *CoreStates Bank*, 176 F.3d at 194. Neither party disputes that the first two elements of claim preclusion are satisfied. Thus, to determine whether claim preclusion applies to Plaintiff's claims of direct and indirect infringement by the accused Windows products after the previous judgment was entered, I must determine whether the First Action and this suit are based upon the same cause of action. Claim preclusion solely bars accusing infringing acts "that are accused in [a] first action or could have been made subject to that action." *Brain Life*, 746 F.3d at 1054. Because claims for infringement after the judgment in *ViaTech I* was entered could not have been brought in the First Action, they are inherently a

9

different cause of action, and claim preclusion does not apply. *See, e.g., Asetek Danmark*, 852 F.3d at 1365.

## 2. Issue Preclusion

Defendant argues that if Plaintiff's post-judgment infringement claims against previously accused Windows products are not barred by claim preclusion, they are barred by issue preclusion. (D.I. 39 at 16). The parties dispute whether the identical issue was previously adjudicated and whether it was actually litigated. (D.I. 48 at 18-19). Plaintiff also argues that because it accuses only the post-installation version of the Windows products, issue preclusion does not apply. (*Id.*). More specifically, Plaintiff argues that the issue of whether the post-installation version of Windows infringes was not actually litigated, citing to both the summary judgment opinion in the First Action and the Federal Circuit's affirmance of that opinion. (D.I. 48 at 18-19).

I agree with Plaintiff. "Issue preclusion [] applies only to issues actually litigated in the prior action, not issues that could have been litigated." *Orexo AB v. Actavis Elizabeth LLC*, 371 F. Supp. 3d 175, 183 (D. Del. 2019); *see also Brain Life*, 746 F.3d at 1055 (finding method claims asserted in prior action were not "fully, fairly, and actually litigated"); *Voter Verified, Inc. v. Election Sys. & Software LLC*, 887 F.3d 1376, 1383 (Fed. Cir. 2018) (holding that issue of validity was not "actually litigated" where Defendant did not respond to arguments against invalidity counterclaim). My summary judgment opinion in the First Action determined that Plaintiff did not litigate the issue of whether a post-installation form of Windows infringes. *ViaTech Tech. Inc. v. Microsoft Corp.*, 2017 WL 2538570, at *3 n.5 (D. Del. June 12, 2017). The Federal Circuit, when considering the appeal of the First Action, agreed that Plaintiff "never articulated a clear argument that post-installation Windows is a file" and determined that the

10

issue was not "properly presented to the district court" and therefore was "waived on appeal." *ViaTech*, 733 F. App'x at 551-52. Thus, the issue of whether post-installation Windows software infringes the '567 patent was not "actually litigated" and the requirements for issue preclusion have not been met.

### 3. *Kessler* Doctrine

As Plaintiff has not demonstrated that either claim preclusion or issue preclusion applies, I now consider the application of the *Kessler* Doctrine. I determine that the *Kessler* Doctrine requires dismissal of Count II of Plaintiff's Second Amended Complaint. Count II accuses "the Software Protection Platform (SPP) and Office Software Protection Platform (OSPP) when used to protect Windows or Office" of infringement. (D.I. 37 ¶ 65). These products were accused in the previous suit. (First Action, D.I. 1 ¶¶ 10-11). In both suits, the products are alleged to infringe claims 1-7, 13-15 and 28-32 of the '567 patent. (D.I. 37 ¶ 65); *ViaTech*, 2017 WL 2538570, at *3-4 (evaluating infringement contentions using Windows and SPP as the representative product). Where an accused infringer has succeeded in obtaining a judgment that a specific product is non-infringing, it should be able to continue its business as usual post-final judgment without repeated harassment by the patentee. *Brain Life*, 746 F.3d at 1056. Thus, the *Kessler* Doctrine applies to claims of post-final judgment infringing acts where the accused products are the same or essentially the same products as were previously accused and deemed non-infringing.

Plaintiff accuses the same products in this case as it did in the First Action.[3] Plaintiff argues, however, that the *Kessler* Doctrine does not extend to the "different version" accused

---

[3] *Compare* D.I. 37 ¶¶ 41, 48 (accusing Windows Vista, Windows 7, Windows 8, Windows 8.1, Windows 10, Office 2010, Office 2013, and Office 365) *with* First Action, D.I. 229 at 1 (accusing Windows Vista, Windows 7, Windows 8, Windows 8.1, Windows 10, Office 2010, Office 2013, Office 2016, and Office 365).

11

here, "post-installation Windows," rather than the previously accused "pre-installation" version. (D.I. 48 at 19). I understand Plaintiff to argue that the application of the *Kessler* Doctrine is limited to cases where "the accused aspects of the products" have been the same in both cases. (*Id.*).

I disagree. The *Kessler* Doctrine examines whether products have been given the status of a non-infringing device with regard to the asserted claims of a patent. *Brain Life*, 746 F.3d at 1057. *Brain Life* is instructional here. There, Brain Life's predecessor-in-interest asserted all the claims of a single patent against the defendant, but ultimately abandoned the method claims before trial. *Id.* at 1058. The Federal Circuit determined that "by virtue of gaining a final judgment of noninfringement in the first suit—where all of the claims were or could have been asserted against Elekta—the accused devices acquired a status as noninfringing devices, and Brain Life is barred from asserting that they infringe the same patent claims a second time." *Id.*

Here, the SPP and OSPP software in Windows and Office products was determined not to infringe the asserted claims of the '567 patent in the First Action. The judgment in the First Action determined that the accused Windows and Office products were non-infringing products as to the exact same patent claims that Plaintiff now asserts. (First Action, D.I. 329, 330, 331). That Plaintiff now tries to frame its infringement allegations as directed to a "different aspect" of the same product is of no moment. Plaintiff could have brought its post-installation theory in the previous case, and in fact attempted to do so. *See, e.g., ViaTech*, 733 F. App'x at 551-52; *ViaTech*, 2017 WL 2538570, at *3 n.5. This falls squarely within the *Kessler* Doctrine.

Neither do I agree with Plaintiff's argument that the *Kessler* Doctrine is limited to barring suits against customers. The Federal Circuit has made clear that the *Kessler* Doctrine was born out of the *manufacturer's* right to be free from harassment and has only recently extended the

12

doctrine to be available to customers as a defense in litigation. *See SpeedTrack, Inc. v. OfficeDepot, Inc.*, 791 F.3d 1317, 1327 (Fed. Cir. 2015); *Brain Life*, 746 F.3d at 1058 (applying *Kessler* Doctrine to prevent suit against successor-in-interest manufacturer).

Therefore, the *Kessler* Doctrine applies on the face of the Second Amended Complaint to bar the allegations of infringement in Count II. Thus, I will grant Defendant's motion as to Count II.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Cross-Motion for Leave to File a Motion for Reconsideration is DENIED and Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is DENIED at to Count I and GRANTED as to Count II.

An accompanying order will be entered.