IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIATECH TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Civil Action No. 17-570-RGA |

MEMORANDUM ORDER

I directed the parties in this case to prepare a proposed order in conformity with my recent claim construction decision. (D.I. 112). By agreement of the parties, the claim construction order adopted my constructions in earlier litigation between the parties in *ViaTech Tech., Inc. v. Microsoft Corp.*, 2016 WL 3398025 (D. Del. June 14, 2016), as modified by the Federal Circuit in *ViaTech Tech., Inc. v. Microsoft Corp.*, 733 F. App'x 542 (Fed. Cir. 2018). The parties now dispute whether the Federal Circuit modified my construction of the term "file."

My first construction of "file" was "a collection of data that is treated as a unit by a file system." Plaintiff proposes adding a sentence, such that the term "file" means,

> A collection of data that is treated as a unit by a file system. A "file" may be a collection of files.

(D.I. 115 at 1). Plaintiff argues that this addition is necessary in light of the Federal Circuit's opinion. (*Id.* at 2). Defendant disagrees. (*Id.*).

1

Plaintiff emphasizes that the Federal Circuit stated in its opinion that it "revise[s]" the construction. (D.I. 115 at 1). This statement appeared in the conclusion of the opinion. *ViaTech*, 733 F. App'x at 554. Earlier in the opinion, however, the Federal Circuit stated,

> This understanding of "file" *does not require changing the district court's construction*, only its application of that construction. Thus, we uphold the district court's construction, but clarify that a "file" as claimed in the '567 patent may be a collection of files.

*Id.* at 550 (emphasis added). Based on this language, it appears that the construction should not change.

I also find it helpful to compare the Federal Circuit's discussion of the term "file" with the term "dynamic license database." The Court changed the construction of the latter. I had construed it as "a database that resides in the digital content file and that is programmed to accept modifiable licenses." *Id*. at 547. The Court of Appeals construed it as "a modifiable database in which file access control and license use information is stored and can be written." *Id.* at 550. After reviewing my two constructions, the Court stated,

> Despite *changing the construction* of "dynamic license database" and *clarifying* the district court's construction of "file" . . . .

*Id.* at 551 (emphasis added). This difference in the use of language strongly suggests that the Court of Appeals was simply clarifying the application of the term "file" to the particular facts in the case.

Thus, I do not think the construction has changed. I will therefore reject Plaintiff's proposed addition to the original construction. Of course, I have learned something about the

application of the construction from the clarification by the Court of Appeals, and do not expect any argument contrary to what the Court of Appeals has held.

Entered this 9th day of June, 2020.

  /s/ Richard G. Andrews_____
United States District Judge