# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIATECH TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | C.A. No. 17-570-RGA |

**DEFENDANT MICROSOFT CORPORATION'S LETTER MOVING TO STRIKE VIATECH'S NEW AND IMPROPER INFRINGEMENT THEORIES**

Dated: January 4, 2021

FISH & RICHARDSON P.C.

Martina Tyreus Hufnal (No. 4771)
Robert M. Oakes (No. 5217)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Tel.: (302) 652-5070
hufnal@fr.com
oakes@fr.com

Frank E. Scherkenbach
Steven R. Katz
Whitney A. Reichel
James Sebel
One Marina Park Drive
Boston, MA 02210
Tel: (617) 521-7883
scherkenbach@fr.com
katz@fr.com
wreichel@fr.com
sebel@fr.com

**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

I.      **Introduction**[1]

In this **second** lawsuit involving the '567 patent, the Court required ViaTech to present its final infringement contentions after review of Microsoft technical documents and source code. Microsoft requested the final contention deadline well before the close of fact discovery because in the first lawsuit, ViaTech substantially altered its infringement contentions on the last day of fact discovery, and attempted to inject new doctrine of equivalents (DOE) theories after the close of fact discovery (an attempt rejected by this Court).

Now, ViaTech again attempts to improperly and belatedly modify the scope of the litigation by introducing previously undisclosed theories in its expert report. Specifically, ViaTech's opening expert report on infringement injects new theories of literal infringement and infringement under the doctrine of equivalents.

**Doctrine of equivalents:** In its infringement contentions, ViaTech asserted DOE with respect to two limitations found in dependent claims and claim 28. In its opening infringement expert report, however, ViaTech has injected three new DOE theories: two that apply to all asserted claims and a third DOE theory that applies to various dependent claims and claim 28.

**Literal infringement: mapping of the "GUI" limitation to third party and server products**: In its infringement contentions, ViaTech alleged [REDACTED]. ViaTech's expert provides opinions under this theory, but also offers new theories [REDACTED]

Microsoft did not take discovery or develop the factual record on these new theories and the prejudice to Microsoft cannot be undone. ViaTech's new infringement theories should be struck.

II.     **Key Procedural Facts**

ViaTech was on notice since the first lawsuit that it must timely disclose its DOE theories. In *ViaTech I*, this Court granted Microsoft's motion for summary judgment of no infringement, in part based on a finding that ViaTech did not timely present a theory of infringement under the DOE. (*ViaTech I*, D.I. 329, Mem. Op. 1:14-cv-01226-RGA, at 14-15.)

In this Action, Microsoft requested that ViaTech provide final infringement contentions well prior to the close of fact discovery in exchange for providing early technical discovery. The Court granted Microsoft's request and entered a Scheduling Order that provided that Microsoft would first provide its core technical documents (including source code), and ViaTech would then provide its infringement contentions based on those core technical documents. (D.I. 73 at 4.b.(1)-(2).) The Scheduling Order further provided that **"[a]mendments of contentions will be permitted upon a showing of good cause**." (D.I. 73 at 4.b.(4) (emphasis added).)

---

[1] The parties have a third dispute concerning ViaTech's infringement allegations directed to Windows, which will be addressed in connection with dispositive motions.

ViaTech served its infringement contentions on February 12, 2020.[2] (Ex. 1) Those contentions stated: "For each Asserted Claim, based on Plaintiff's current investigation, Plaintiff has preliminarily identified certain limitations that are alternatively satisfied under the doctrine of equivalents, **as set forth in the attached charts**." (Ex. 1 at 12 (emphasis added)). In the charts, ViaTech identified DOE theories for two limitations found in dependent claim 5 (and claim 28): (1) "user system" and (2) "range of tolerance." (Ex. 2 at 38-39, 57-58; Ex. 3 at 40-41, 59-60). Neither of these terms appears in independent claim 1. Thus, ViaTech asserted **no DOE theory** for claim 1. Although ViaTech "expressly reserve[d] the right to apply the doctrine of equivalents to additional Asserted Claim limitations," it never attempted to exercise that alleged right during discovery (which would have required a showing of good cause). (Ex. 1 at 12.)

ViaTech also asserted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 4 at 32; Ex. 5 at 35) (citing Microsoft source code in alleged support) (emphasis added).

Based on ViaTech's infringement contentions, Microsoft prepared and served its invalidity contentions, selected claim terms for construction and argued for specific constructions, and developed the factual record to defend against ViaTech's infringement claims.

Then, after fact discovery closed and without seeking leave of Court, ViaTech served the Expert Report of Dr. Madisetti which introduced three new DOE theories, asserting that: (1) the "file access control mechanism" is equivalent ▮▮▮▮▮▮ (2) the display of "user accessible functions" is equivalent ▮▮▮▮▮▮ and (3) storage in the "dynamic license database" is equivalent ▮▮▮▮▮▮ (Ex. 6 at 5, 32, 47; Ex. 7 at 5, 30, 41). Dr. Madisetti also provided new alternative theories for the "GUI" limitation ▮▮▮▮▮▮ (Ex. 6 at 19-32; Ex. 7 at 19-30).

At no time prior to the close of fact discovery on October 29, 2020, or prior to the filing of this motion, has ViaTech sought leave to significantly expand this case to include the three new DOE theories and new "GUI" theories that it now alleges via the Expert Report of Dr. Madisetti. At no time did ViaTech provide good cause for amending its infringement contentions to include new DOE and GUI theories—theories that ViaTech could have and should have disclosed in its infringement contentions.

Even at the meet and confer on this motion, ViaTech did not explain why it failed to seek amendment of its contentions during fact discovery, and did not provide any good cause for waiting until its **opening expert report** to amend its infringement contentions. Instead, ViaTech simply argued that any prejudice to Microsoft could be cured (even though it cannot).

---

[2] The Court granted a stipulated extension to the contention deadline. (D.I. 89.)

### III.     Argument

Infringement contentions are subject to exclusion under Rule 37(c)(1) if not timely disclosed during fact discovery. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 13-1668-LPS, 2017 WL 658469, at *1, 6 (D. Del. Feb. 14, 2017) (striking portions of expert report that injected new infringement theories). In this case, the Scheduling Order, as amended, required ViaTech to provide its infringement contentions by February 12, 2020. (D.I. 73 and 89.) An order striking late-disclosed contentions is the appropriate remedy for contentions not disclosed during fact discovery. *See Finjan Inc. v. Rapid7, Inc.*, C.A. No. 18-1519-MN, 2020 WL 5798545, at *3, 4 (D. Del. Sept. 29, 2020) (incomplete contentions precluded plaintiff from relying on infringement assertions in opening expert report); *TQ Delta, LLC v. Adtran, Inc.,* C.A. No. 14-954-RGA, 2020 WL 4529865, at *2 (D. Del. Jul. 31, 2020) (granting motion to strike where plaintiff did not include a DOE argument in its infringement contentions); *see also Realtime Data, LLC v. Morgan Stanley*, 554 F. App'x 923, 937 (Fed. Cir. 2014) (affirming district court's preclusion of DOE theories presented after fact discovery).

The alleged absence of prejudice to Microsoft does not overcome this authority or excuse ViaTech's failure to comply with the scheduling order. Especially in "complex litigation involving parties represented by competent counsel," a "strict showing" under the Third Circuit's *Pennypack* factors is not required. *TQ Delta*, 2020 WL 4529865, at *2. Regardless, the *Pennypack* factors weigh heavily in favor of striking ViaTech's untimely theories.

**(1) The importance of the information withheld**: The withheld DOE and GUI theories are alternative theories in case ViaTech's primary theories fail. As such, they are not central to ViaTech's case; if they were, ViaTech would have timely disclosed them. Moreover, any marginal importance is outweighed by the other *Pennypack* factors. *See Intellectual Ventures I*, 2017 WL 658469, at *3-4.

**(2) The prejudice or surprise to the party against whom the evidence is offered**: Microsoft is both surprised and severely prejudiced by the new DOE and GUI opinions. As discussed above, Microsoft has suffered "substantial lost opportunities . . . to shape its litigation strategy in response to [ViaTech's] infringement contentions." *Galderma Labs., L.P. v. Amneal Pharm., LLC*, No. CV 16-207-LPS, 2018 WL 508876, at *2 (D. Del. Jan. 22, 2018). For example, Microsoft did not take any discovery on the factual bases of these new theories and Microsoft has not developed its own factual record, for example, marshaling evidence of ensnarement or non-equivalence related to the new DOE theories or discovery concerning the newly accused GUIs ███████████████.

**(3) The likelihood of disruption of trial**: A tentative trial date has been set. Anything short of striking the contentions would significantly expand the case, and complicate and delay the trial.

**(4) The possibility of curing the prejudice:** Fact discovery has closed and the prejudice to Microsoft cannot be cured. Nor should Microsoft bear the cost and burden of any reopening of discovery.

**(5) The explanation for the failure to disclose and (6) the presence of bad faith or willfulness in not disclosing the evidence:** ViaTech offers no explanation for its over-nine-month delay in providing the belated contentions or for its failure to seek leave to do so, and as noted above it is a repeat offender when it comes to untimely infringement contentions.

Microsoft therefore respectfully requests that the Court strike ViaTech's new contentions.

3

Respectfully submitted,

*/s/ Robert M. Oakes*

Robert M. Oakes

cc: All Counsel of Record